**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN R. SHAY | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 23-281 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT ZAKEN; | ) | Re: ECF No. 5 |
| THE DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF ALLEGHENY *and* | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Kevin R. Shay ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Petitioner initiated this action by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 1, in which he challenges his current sentencing order relative to his convictions in the Court of Common Pleas of Allegheny County, Pennsylvania, in Commonwealth v. Shay, No. CP-02-CR-290-2006,[1] and Commonwealth v. Shay, No. CP-02-CR-918-2007,[2] for which he is serving an aggregate sentence of six to twelve years' imprisonment. ECF No. 1 at 1. See also ECF No. 29-2 at 9, 79, 86, and 108; ECF No. 29-3 at 2. The Petition was received on February 23, 2023, ECF No. 1, and was formally filed on March 13, 2023 after receipt of the required filing fee. ECF Nos. 4 and 5.

---

[1] Docket available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0000290-2006&dnh=0YWtkh5VLosMSe5ef5tAng%3D%3D (last visited Nov. 2, 2023).

[2] Docket available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0000918-2007&dnh=7iflluOOgieGvmaG22S4ww%3D%3D (last visited Nov. 2, 2023).

The following grounds for relief were asserted by Petitioner at the time of filing.

> GROUND ONE: Petitioner is being denied time served for credit already previously granted.
>
> (a) Supporting facts[]: Petitioner was awarded 6 days credit at CP 918-207 [*sic*]; and 179 days credit at CP 290-2006 on 12-11-15. On 4-5-21 petitioners [*sic*] sentencing order was revised to include additional time credit for the dates: 9-19-12-to-12-11-15 and 10-2-09-to-3-30-10 at CP 290-2006; and 9-19-12-to-12-11-15 and 3-31-10-to-4-5-10 at CP 918-2007, however the court did not include in petitioners [*sic*] 4-5-21 revised sentencing order the 12-11-15 previously awarded credit. The Department of Corrections states in order to apply all time credit it must be merged in on concurrent sentencing order.

ECF No. 5 at 5.

> GROUND TWO: Petitioner is due time credit for time served in custody prior to his revocation of probation[.]
>
> (a) Supporting facts[]: All time served in custody for violating probation must be credited upon revocation of probation and a term of state sentence imposed. Petitioner was not credited for December 10, 2005-to-December 16, 2005 = 6 days; November 29, 2006-to-May 25, 2007 = 177 days; October 28, 2008-to-November 6, 2008 = 9 days; totaling 192 days.

Id. at 7.

> GROUND THREE: Petitioner is unconstitutionally confined after serving past his maximum sentence imposed.
>
> (a) Supporting facts[]: Petitioner was sentenced upon revocation of probation on December 11, 2015 to a term of 6 to 12 years. If petitioner received all time credit owed it would of [*sic*] totaled 1,739 days. Petitioners [*sic*] current maximum date reflects March 17, 2024, upon correction of record and time credit properly credited petitioner would reach his maximum term of prison imposed on March 6, 2023.

Id. at 9.

Petitioner withdrew Grounds One and Three on June 20, 2023. ECF Nos. 16 and 17.

Ground Two is the sole remaining asserted ground for relief.

For the reasons stated below, the Petition will be dismissed for lack of subject matter jurisdiction, and a certificate of appealability will be denied.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Much of the lengthy procedural history of Petitioner's underlying state criminal case was summarized by the Pennsylvania Superior Court in its opinion disposing of an appeal from one of Petitioner's many petitions under Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546.

> On December 7, 2005, at CP-02-CR-0000290-2006 (No. 290-2006), Shay was charged with sexual abuse of children and related offenses. While Shay was on bond for that case, he used a computer to disseminate images of child pornography to an undercover detective. Accordingly, on November 29, 2006, at CP-02-CR-0000918-2007 (No. 918-2007), Shay was charged with sexual abuse of children and related offenses.
>
> On May 17, 2007, Shay appeared before the Honorable Donna Jo McDaniel where he entered a general guilty plea at Nos. 290-2006 and 918-2007 to all counts. The court sentenced Shay to six months' house arrest and a concurrent period of three years' probation. Shay did not file a direct appeal or post-sentence motions.
>
> Shay subsequently violated the terms of his probation, and on March 30, 2010, Shay attended a probation violation hearing and the court resentenced him to a new term of three years' probation.
>
> Shay again violated the terms of his probation, and on March 15, 2011, Shay, represented by Attorney Lea Bickerton, Esquire, was resentenced to eight to sixteen months' imprisonment, with an additional term of two years' probation. On March 25, 2011, Attorney Bickerton filed a motion to reconsider sentence, which was denied. Shay did not file a direct appeal. On July 9, 2011, Judge McDaniel paroled Shay.

---

[3] Full consent of the parties to proceed before a United States Magistrate Judge was obtained on October 3, 2023.  ECF Nos. 3 and 40.

On October 25, 2011, Shay filed his first *pro se* PCRA petition. On January 17, 2012, his court-appointed attorney, Scott Coffey, Esquire, filed an amended PCRA petition, requesting reinstatement of his appellate rights *nunc pro tunc* due to ineffective assistance of counsel. Attorney Coffey argued that Attorney Bickerton was ineffective for failing to file a requested direct appeal to this Court following the probation violation resentencing on March 15, 2011. On May 15, 2012, Judge McDaniel granted Shay's PCRA petition and reinstated his appellate rights, *nunc pro tunc*. On June 13, 2012, Shay filed a *nunc pro tunc* notice of appeal. On February 26, 2013, this Court affirmed Shay's judgment of sentence. *Commonwealth v. Shay*, 925 WDA 2012 (Pa. Super. 2013) (unpublished memorandum opinion).[4] On March 23, 2013, Shay filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. On May 26, 2013, the Supreme Court entered an order noting that it had discontinued the appeal. Praecipe for Discontinuance, 5/26/13, at 1.

On March 18, 2013, Shay filed another *pro se* PCRA petition. On June 5, 2013, Attorney Coffey subsequently filed a Turner/Finley no-merit letter and petition to withdraw. On June 18, 2013, the Honorable Jill E. Rangos dismissed Shay's petition without a hearing, *see* Pa.R.Crim.P. 907, concluding it was untimely. Shay did not appeal from this order.

On October 29, 2013, Shay attended a third probation violation hearing for failing to register as a sex offender and other technical probation violations. Judge Rangos revoked his probation and resentenced him to an aggregate term of six to thirteen years' imprisonment.[5] On October 30, 2013, the Office of the Public Defender of Allegheny County filed a motion to reconsider sentence, which was denied on November 14, 2013. On November 26, 2013, Assistant Public Defender John Ciroli, Esquire, filed a notice of appeal. On July 10, 2014, this Court issued a notice of discontinuance, acknowledging that the appeal had been discontinued. Praecipe for Discontinuance, 7/10/14, at 1.

On November 14, 2013, Shay filed another *pro se* PCRA petition. On March 12, 2014, Shay filed a motion to withdraw the petition, which Judge Rangos granted on March 14, 2014.

---

[4] <u>Com. v. Shay</u>, No. 925 WDA 2012, 2013 WL 11276804 (Pa. Super. Ct. Feb. 26, 2013).

[5] ECF No. 29-1 at 93 and 94.

On September 9, 2014, Shay filed yet another *pro se* PCRA petition, challenging the legality of the six-to-thirteen-year sentence imposed at the October 29, 2013 probation violation hearing. The PCRA court appointed counsel, and, on December 18, 2014, counsel filed an amended PCRA petition on behalf of Shay. Counsel argued that Shay was not awarded the proper credit for time served, and, accordingly, his sentence was illegal because it exceeded the statutory maximum. On March 16, 2015, Judge Rangos awarded Shay an additional 185 days of credit for time served for the period of October 2, 2009 to April 5, 2010.[6]

On April 1, 2015, Shay filed a counseled appeal to this Court challenging the legality of his sentence. In his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Shay argued that he was entitled to more than 185 days of time credit awarded by the trial court, and, thus, his sentence was illegal. However, on June 1, 2015, counsel filed a notice of intent to file an Anders brief on the time credit issue. On July 15, 2015, Judge Rangos filed a Pa.R.A.P. 1925(a) opinion requesting this Court vacate the March 16, 2015 sentencing order and remand the case back to the trial court for a resentencing hearing.[7] On September 16, 2015, we vacated the March 16, 2015 judgment of sentence and remanded the case to the trial court for resentencing. Order, 9/16/15, at 1.[8] On December 11, 2015, Judge Rangos vacated the sentence imposed on October 29, 2013, and resentenced Shay to an aggregate term of six to twelve years' imprisonment.[9] Judge Rangos noted that the March 16, 2015 order granting 185 days of time credit was still in effect.[10]

On February 24, 2016, Shay filed another *pro se* PCRA petition in the form of a motion for time credit. On December 22, 2016, the PCRA court appointed new counsel, who filed an amended petition. Attorney Santoriella argued that Shay's sentence was illegal and his former PCRA counsel was ineffective for failing to raise that claim in a post-sentence motion. On May 24, 2017, Judge Rangos denied

---

[6] Id. at 122.

[7] ECF No. 29-2 at 2 and 6.

[8] Id. at 8.

[9] Sentencing Hr'g Tr. dated Dec. 11, 2015, ECF No. 29-2 at 25.

[10] ECF No. 29-2 at 9.

Shay's PCRA petition as having been previously litigated on December 11, 2015.[11]

On September 1, 2017, Shay filed yet another *pro se* PCRA petition. On July 11, 2018, Judge Rangos dismissed the petition as time-barred after appointed counsel had filed a Turner/Finley no-merit letter.[12] On September 25, 2018, Shay filed another *pro se* PCRA petition, which he titled as a motion for correction of sentence. On January 9, 2019, Judge Rangos dismissed that petition, noting that the petition was untimely, that no timeliness exception applied, and that the "issue of time credit ha[d] been previously litigated." *See* Order Denying PCRA Petition, 1/9/19. [13]

On August 14, 2019, the Commonwealth filed a motion for time credit, acknowledging that Shay did not receive time credit for the period of time between sentencing hearings from October 29, 2013 to December 11, 2015.[14] On December 24, 2019, Shay filed a *pro se* motion for correction of sentence, stating that the Department of Corrections (DOC) advised him that Judge Rangos forwarded the original October 29, 2013 sentencing order that was vacated and replaced by the December 11, 2015 sentencing order.[15] Thus, the DOC refused to credit the time. Shay requested that Judge Rangos send the December 11, 2015 sentencing order that awarded time credit from September 12, 2012 to October 29, 2013 to the DOC. On January 8, 2020, Judge Rangos attached several previous orders addressing the issue of time credit and directed that they be forwarded to the DOC.[16]

On June 10, 2020, Shay filed a *pro se* motion for time served. On June 16, Shay filed a motion to revise the November 4, 2019

---

[11] Id. at 38.

[12] Id. at 54.

[13] Id. at 63.

[14] Id. at 64.  While the Superior Court did not mention it in its recitation of the procedural history of Petitioner's criminal conviction, Judge Rangos granted this motion on August 16, 2019, and order that "Petitioner shall be awarded credit for time served for the period of time from October 29, 2013 to December 11, 2015." Id. at 79.

[15] Id. at 81.

[16] Id. at 86.  This order explicitly was not a corrected sentence. Id.

sentencing order. On July 15, 2020, Judge Rangos issued a corrected sentencing order granting time credit of 406 days for the period from September 19, 2012 to October 29, 2013.[17]

From July 24, 2020 to August 21, 2020, Shay filed two more *pro se* motions for time served and one to enforce such motions. On March 4, 2021, Judge Rangos issued an order addressing the various motions, stating:

> [Shay] filed a Motion for Time Served on 8/24/20, which this [c]ourt treated as [a] PCRA Petition, and granted it to the extent that this [c]ourt found as follows: that at [No.] 290-2006, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 10/2/2009 – 3/30/2010, a total of 1380 days; and at [No.] 918-2007, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 3/31/2010 – 4/5/2010, a total of 1186 days. On November 6, 2020, this [c]ourt entered orders correcting the 10/29/13 [o]rders of [c]ourt to include the time credits listed above. [Shay] is not entitled to any further time credit or further relief.

Order, 3/4/21.[18] Shay filed a notice of appeal from this order, which this Court quashed on April 21, 2021, for failure to file a Rule 1925(b) statement. *See* Order, 4/21/21.[19]

On July 1, 2021, Shay filed a *pro se* motion for time credit of 379 days, which Judge Rangos denied on July 6, 2021.[20] Judge Rangos treated this motion as a serial PCRA petition, stating all time credit issues had been addressed and disposed of in the March 4, 2021 order. Further, the court explained that Shay had had multiple opportunities to fully litigate the issues and any such further attempts were barred by *res judicata*.

---

[17] Id. at 108.

[18] ECF No. 29-3 at 2.

[19] Id. at 4.

[20] Id. at 6 and 13.

> On July 13, 2021, Shay filed a timely notice of appeal a notice from the July 6, 2021 order [*sic*]. In his Rule 1925(b) statement, Shay claimed that the trial court erred "in failing to grant additional time credit of 379 days." Pa.R.A.P 1925(b) Statement, 7/30/21, at 2. On August 16, 2021, Judge Rangos filed a Rule 1925(a) opinion wherein she explained that issues of time credit were previously litigated and waived and barred from being raised under the doctrine of *res judicata*.[21] *See* 42 Pa.C.S. § 9544. Shay raises the following issue on appeal: "Did the [PCRA] court err[ ] when it failed to credit all time spent in custody in the Allegheny County Jail for previous probation violations [after] the revocation of his probation and imposing a state sentence?" Brief for Appellant, 1/3/22, at 6.[22]

<u>Com. v. Shay</u>, No. 864 WDA 2021, 2022 WL 3010641, at *1-3 (Pa. Super. Ct. July 29, 2022) (original footnotes removed, footnotes with citation to the docket of the present matter added).

In that appeal to the Pennsylvania Superior Court, Petitioner sought 379 days of credit for the following periods of time:

      1. December 10, 2005 – December 16, 2005 = 6 days

      2. November 29, 2006 – May 25, 2007 = 178 days

      3. October 28, 2008 – November 6, 2008 = 9 days

      4. October 2, 2009 – April 5, 2010 = 186 days

<u>Id.</u> at *5.  Points 1, 2, and 3 mirror the relief that Petitioner seeks in the instant federal habeas matter.  ECF No. 5 at 7.

The Superior Court denied the PCRA appeal as time-barred, and found that Petitioner's judgment and sentence became final on July 10, 2014 – the date that Petitioner discontinued his appeal from his October 29, 2013 resentencing.  <u>Shay</u>, 2022 WL 3010641, at *4-5.  In a footnote,

---

[21] <u>Id.</u> at 18.

[22] <u>Id.</u> at 24 and 30.

8

the Superior Court also found that the issue of time credit was ineligible for state post conviction relief under 42 Pa. C.S.A. § 9543(a)(3) because it had been previously litigated. Id. at n.10.

Petitioner filed yet another PCRA petition on January 4, 2023, seeking a credit on his sentence of 185 days. ECF No. 29-3 101 and 104. The state trial court denied that petition as time-barred on May 15, 2023. Id. at 130. Petitioner timely appealed, but withdrew his appeal on June 20, 2023. Id. at 133.

The instant federal habeas Petition was received by this Court on February 23, 2023, and was postmarked on February 21, 2023. ECF No. 1-1 at 1. As reflected above, this was during the pendency of Petitioner's last PCRA proceeding. This case was stayed on March 31, 2023, over Petitioner's objections, during that state post-conviction proceeding. ECF Nos. 7 and 11. Petitioner submitted a supporting brief during the stay on April 5, 2023. ECF No. 14.

Petitioner moved to reopen this case and to dismiss Grounds One and Three. ECF No. 16. The stay was lifted, the case reopened, and the Petition was deemed amended to remove Grounds One and Three on July 7, 2023. ECF No. 17.

The single remaining claim at this point is Ground Two – Petitioner's claim that he is due credit for time served prior to the revocation of his probation. ECF No. 5 at 7.

Respondents answered the Petition on September 12, 2023. ECF No. 29. The bulk of the Answer unsurprising is devoted to the lengthy factual and procedural history in state court. Id. at 1-9. Much of the remainder of the Answer focuses on procedural defenses. Respondents assert that the Petition is time-barred, and they rely on the resentencing order of December 11, 2015 as the operative judgment of sentence in this case. Id. at 11; ECF No. 29-2 at 9. Respondents also argue that Petitioner's claim is not cognizable as a federal habeas petition, that the Petition is procedurally defaulted, and that it generally lacks merit. ECF No. 29 at 11-13.

On September 13, 2023, this Court ordered Respondents to supplement their Answer "briefing with specificity whether Petitioner is entitled to the credit that he seeks as a matter of substantive state law." ECF No. 30.  Rather than providing a direct answer to that direct question, Respondents submitted a Supplement that focused on procedural arguments.   ECF No. 31.  Respondents submitted an *erratum* on September 26, 2023, which did not cure the deficiency in their initial Supplement.  ECF No. 33.

Petitioner filed an initial Response to the Answer on September 29, 2023.  ECF No. 38. He filed a Traverse on October 3, 2023.  ECF No. 41.

The Petition is ripe for consideration.

## II.  LEGAL ANALYSIS

### A.  This Court Lacks Subject Matter Jurisdiction Because the Petition is Second or Successive.

28 U.S.C. § 2244(b) states, in pertinent part:[23]

> (1)A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2)A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A)the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

---

[23] Although Section 2244(b) was not raised by the parties, it is appropriate for this Court to do so both in order to examine its own subject matter jurisdiction, and pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

As the United States Supreme Court has recognized, the phrase "second or successive" in the statute is a term of art, and "must be interpreted with respect to the judgment challenged." Magwood v. Patterson, 561 U.S. 320, 332-33 (2010). Resentencing creates a new judgment "[b]ecause both a conviction and sentence are necessary to authorize a prisoner's confinement[.]" Lesko v. Sec'y Pennsylvania Dept. of Corrs., 34 F.4th 211, 224 (3d Cir. 2022). "Resentencing necessarily affects the finality of a judgment on the counts for which a defendant is being resentenced, because 'a vacatur of a sentence and order of a full remand cancels the original sentence and renders the defendant unsentenced until the district court imposes a new sentence.'" Morgan v. Warden Butler Cnty. Prison, No. 20-2044, 2022 WL 4077168, at *1 (3d Cir. Sept. 6, 2022) (quoting United States v. Mitchell, 38 F.4th 382, 388 (3d Cir. 2022)). See also Mitchell, 38 F.4th at 392 (Bibas, J., concurring) (explaining that vacatur of a sentence makes it "void from the start," as if it had never been imposed). Thus "a petition challenging either component of that new judgment—be it conviction or sentence—is not second-or-successive." [.]" Lesko, 34 F.4th at 224.

"Since Magwood, the federal courts have been called upon to determine what type of alteration to a state court sentence creates a new judgment so that a subsequent habeas petition attacking the new judgment is not successive to a previous petition that attacked the initial judgment." Williams v. Lamas, No. 13-1171, 2022 WL 18359067, at *5 (W.D. Pa. Nov. 21, 2022), report and recommendation adopted, 2023 WL 276000 (W.D. Pa. Jan. 18, 2023). "It is widely

agreed that state court rulings that correct mere 'clerical errors' do not create a new judgment and do not authorize a new, second habeas petition. However, the issue of whether an order directing that credit be awarded against a sentence for time previously served is a correction of a clerical error or creates a new judgment for the purposes of § 2244(b)(3)(A) under Magwood has led to conflicting decisions." Id.

Here, Respondents presume, without elaboration, that the sentencing order of December 11, 2015, is the operative judgment of sentence in this case. ECF No. 29 at 11 (asserted with respect to Respondents' statute of limitations argument). See also ECF No. 29-2 at 9. On one hand, this lack of discussion is surprising, given the number of orders which arguably affect the length of Petitioner's confinement that have been issued in his underlying state case, as reflected above.[24]

On the other hand, the Order of December 11, 2015, ECF No. 29-2 at 9, is different than the other orders in Petitioner's state case. It was issued at the direction of the Superior Court vacating and remanding Petitioner for resentencing, id. at 8, and was supported by a formal sentencing hearing. Id. at 25. Additionally, the Order of December 11, 2015 explicitly vacated Petitioner's prior sentence of October 29, 2013. Id. at 9. None of the other orders above were supported with such formality. Such formalities have been relied upon to determine whether an order granting credit for time served qualifies as a judgment of sentence is supported by at least one other opinion from within this judicial district. See Williams, 2022 WL 18359067, at *5-6

---

[24] This list includes the Order of August 16, 2019, ECF No. 29-2 at 79, which was granted on the prosecution's motion indicating that Petitioner was "entitled to time credit[.]" Id. at 68. This also includes the Order dated July 15, 2020, which was explicitly titled "Corrected Sentencing Order," and awarded time credit. ECF No. 29-2 at 108. It further includes the Order of March 4, 2021, which states that it grants PCRA relief and affects Petitioner's length of confinement. ECF No. 29-3 at 2.

(determining that an order correcting a sentence to add credit for time served was not a new judgment of sentence).

Upon careful review of the parties' pleadings, and the record before this Court, the undersigned concludes that the Order of December 11, 2015 constitutes a new judgment of sentence consistent with <u>Magwood</u> and <u>Lesko</u>. The subsequent orders – including the Orders dated August 16, 2019, ECF No. 29-2 at 79, the Order dated July 15, 2020, ECF No. 29-2 at 108, and the Order dated March 4, 2021, ECF No. 29-3 at 2, which awarded time credit, are more analogous to orders correcting clerical errors, and were not new judgments of sentence.

The determination of the operative judgment of sentence is relevant here because Petitioner has filed several prior federal habeas petitions attacking his convictions in Nos. CP-02-CR-290-2006 and CP-02-CR-918-2007, and which post-date the Order of December 11, 2015. These include:

- Civil Action No. 19-213, which was filed on February 27, 2019, and was dismissed as moot on January 16, 2020, in light of the state court's Order dated August 16, 2019, awarding credit for time served. ECF Nos. 23, 23-1, 43, and 46, <u>Shay v. Gilmore</u>, No. 19-213 (W.D. Pa. filed Feb. 27, 2019).

- Civil Action No. 20-657, which was filed on May 5, 2020, and in which Petitioner sought credit for time served between September 12, 2012 and October 29, 2013. It was dismissed pre-service on August 11, 2020 as procedurally defaulted. ECF Nos. 5, 9 at 10-16, and 10, <u>Shay v. Zaken</u>, No. 20-657 (W.D. Pa. filed May 5, 2020).

- Civil Action No. 20-1447, which was filed Sep. 25, 2020, and was closed on Petitioner's motion dated May 12, 2021, because "respondents have corrected the matter in question and this action is no longer needed." Given the date of the motion, it appears that the correction referenced by Petitioner was the state trial court's order of March 4, 2021. The Petition in that case sought, *inter alia*, credit for time served corresponding to the relief sought in the instant case. ECF Nos. 8, 31, and 34, <u>Shay v. Sup't Michael Zaken</u>, No. 20-1447 (W.D. Pa. filed Sep. 25, 2020).

Civil Action Nos. 19-213 and 20-1447 do not count as prior petitions in the Section 2244(b) analysis because they were withdrawn by Petitioner. <u>See, e.g.</u>, Federal Habeas Manual § 11:58

("Generally, an initial petition does not count for purposes of the 'second or successive' rule if it was voluntarily withdrawn by the petitioner.") (collecting cases).

However, Civil Action No. 20-657 *does* count as an initial petition, because it post-dates Petitioner's operative 2015 sentencing order, and qualifies as an adjudication on the merits.  See, e.g., United States v. Flake, 416 F. App'x 134, 136 (3d Cir. 2011) ("The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits.") (decided in the context of a Section 2255 motion); Prout v. Varner, No. 07-4202, 2007 WL 4323005, at *1 (E.D. Pa. Dec. 6. 2007) ("For purposes of habeas corpus attacks on state custody, the concept of 'dismissal with prejudice' vis-a-vis the second or successive rule means *either*: ... that the prior case was dismissed on grounds of procedural default." (emphasis in original)); see also Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (joining other circuit courts of appeals in holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA").

Petitioner has not provided any indication that he has been granted leave from the United States Court of Appeals for the Third Circuit to pursue a second or successive petition, as is required by 28 U.S.C. § 2244(b)(3)(A).  As a result, this Court lacks subject matter jurisdiction to address the claims that Petitioner has raised in his current federal habeas Petition.  Burton v. Stewart, 549 U.S. 147 (2007); see also Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007).

**B.  Transfer is Unwarranted Because Petitioner's Claims are Procedurally Defaulted.**

28 U.S.C. § 1631 states, in pertinent part:

> Whenever a civil action is filed in a court . . .  including a petition
> for review of administrative action, is noticed for or filed with such
> a court and that court finds that there is a want of jurisdiction, the
> court shall, if it is in the interest of justice, transfer such action or
> appeal to any other such court . . . in which the action or appeal could

> have been brought at the time it was filed or noticed, and the action
> or appeal shall proceed as if it had been filed in or noticed for the
> court to which it is transferred on the date upon which it was actually
> filed in or noticed for the court from which it is transferred.

But the interest of justice does not warrant transfer to the Third Circuit in this case because Petitioner's Ground Two is procedurally defaulted.[25]

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (abrogated on other grounds by Beard v. Kindler, 558 U.S. 53, 60-61 (2009)); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).

Moreover, a petitioner must present every claim raised in a federal habeas petition to the state trial court, intermediate appellate court, and highest available court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004). In Pennsylvania, petitioners afford the state courts that opportunity by fairly presenting their claims to the Superior Court, either on direct review or on appeal of a petition for relief under the PCRA. Lambert, 387 F.3d at 232-34; see also Rodland v. Sup't of SCI Houtzdale, 837 F. App'x 915, 919 (3d Cir. 2020).

A petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c). A petitioner bears the

---

[25] Petitioner's default, as described more fully herein, also would bar the relief even if this Court had subject matter jurisdiction.

burden of establishing that the exhaustion requirement has been met.  Ross v. Petsock, 868 F.2d

639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).  In the case at

issue, it is clear that Petitioner's claims are exhausted at the state court level at the very least in the

sense that there is no state avenue for relief available to him due to the PCRA's statute of

limitations.  See 42 Pa. C.S.A. § 9545(b).

However, beyond the question of exhaustion, a federal court may be precluded from

reviewing habeas claims under the "procedural default doctrine."  Gray v. Netherland, 518 U.S.

152, 162 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor, 96 F.3d at 678;

Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996).  This doctrine is applicable where, *inter alia*,

a petitioner's claims are "deemed exhausted because of a state procedural bar[.]"  Lines v. Larkin,

208 F.3d 153, 160 (3d Cir. 2000).  Like the exhaustion requirement, the procedural default doctrine

was developed to promote our dual judicial system and, in turn, it is based upon the "independent

and adequate state law grounds" doctrine, which dictates that federal courts will not review a state

court decision involving a question of federal law if the state court decision is based on state law

that is "independent" of the federal question and "adequate" to support the judgment.  Coleman,

501 U.S. at 750.

The PCRA's statute of limitations has been held to be an "independent and adequate" state

law ground for denying habeas relief.  Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002).

This Court's prior judgment that Petitioner's claims were procedurally defaulted

notwithstanding, see ECF Nos. 9 and 10, Zaken, No. 20-657, Petitioner's Ground Two in his

present federal Habeas Petition is defaulted *at least* based on the procedural history of his case

since March 4, 2021.

As stated above, the state trial court issued the following order on March 4, 2021.

> [Shay] filed a Motion for Time Served on 8/24/20, which this [c]ourt treated as [a] PCRA Petition, and granted it to the extent that this [c]ourt found as follows: that at [No.] 290-2006, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 10/2/2009 – 3/30/2010, a total of 1380 days; and at [No.] 918-2007, [Shay] is entitled to time credit for the following time periods: 9/19/2012 – 12/11/2015, and 3/31/2010 – 4/5/2010, a total of 1186 days. On November 6, 2020, this [c]ourt entered orders correcting the 10/29/13 [o]rders of [c]ourt to include the time credits listed above. [Shay] is not entitled to any further time credit or further relief.

ECF No. 29-3 at 2.  Petitioner appealed this order to the Superior Court, but that Order was quashed on April 21, 2021, due to Petitioner's failure to submit a Rule 1925(b) statement.  Id. at 4.  The Superior Court also found that Petitioner had indicated that he desired to discontinue that appeal.  Shay, 2022 WL 3010641, at *3 n.6.  See also ECF No. 29-3 at 4.  Petitioner filed another PCRA petition on July 1, 2021, which was denied by the trial court on July 6, 2021.  Id. at 6 and 13.  Petitioner appealed, seeking credit for, *inter alia*, the period of time asserted in Ground Two in the present matter; but that appeal was denied on July 29, 2022, as time barred and (in the margin) previously litigated multiple times – including in the proceedings that led to Order dated March 4, 2021, the appeal from which was quashed as stated above.[26]  Shay, 2022 WL 3010641, at *4-5 and n.10.

Even setting aside the aforementioned reasons for procedural default, Petitioner also has defaulted Ground Two because he did not raise it to the Superior Court as a federal claim.  A review of Petitioner's appeal brief demonstrates that his arguments were made based on state law.  The sole federal case to which he cites – Houston v. Lack, 487 U.S. 266 (1988) –  relates to the

---

[26] A state court finding that an unexhausted claim is previously litigated under PCRA constitutes state procedural default barring habeas review.  Beasley v. Horn, 599 F. Supp. 2d 582, 590 (E.D. Pa. 2009) (citing Sistrunk, 96 F.3d at 674-75).  See also Sistrunk, 96 F.3d at 674 n.11.  This is yet another basis to find that Petitioner's Ground Two is procedurally defaulted.

prisoner mailbox rule, and not to any violation of the Constitution or laws or treaties of the United States.  ECF No. 29-3 at 24-37.  For this additional reason, Ground Two is procedurally defaulted. See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

The United States Supreme Court has held that where a petitioner has to follow state procedure within the required time period, the "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (failure to follow state's procedural rules results in procedural default, which bars federal review of petitioner's claims unless he can show cause and prejudice); Hull v. Freeman, 991 F.2d 86, 90-91 (3d Cir. 1993) (same).  The Supreme Court in Coleman further stated that it recognized "the important interest in finality served by state procedural rules and the significant harm to the States that results from the failure of federal courts to respect them."  501 U.S. at 750.

The Supreme Court has defined "cause" as "some objective factor external to the defense." Murray v. Carrier, 477 U.S. 478, 488 (1986).  "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials" are two examples, but not an exhaustive list.  Id.  Here, Petitioner has failed to show cause to excuse default of Ground Two.

In order to show a fundamental miscarriage of justice, the Supreme Court requires a petitioner to demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 321 (quoting Murray, 477 U.S. at 496).  Under this standard, a petitioner must "support his allegations of constitutional error with

new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S at 324. Once such evidence is presented, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

In this case, Petitioner has adduced no new evidence of his actual innocence, nor do his arguments lead to the conclusion that "it is more likely than not that no reasonable juror" would have convicted him.

Accordingly, the interest of justice does not support transferring this case to the United States Court of Appeals for the Third Circuit under Section 1631. Therefore, the Petition will be dismissed.

### C.   A Certificate of Appealability will be Denied.

A certificate of appealability will be denied, as jurists of reason would not debate that Petitioner is not entitled to relief. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

## III.   CONCLUSION

For the reasons set forth herein, the Petition, ECF No. 5, will be dismissed for lack of subject matter jurisdiction.  A certificate of appealability will be denied.

An appropriate Order follows.

Dated: November 2, 2023            BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     Kevin R. Shay
       LH1546
       SCI Greene
       169 Progress Drive
       Waynesburg, PA 15370

       All counsel of record (*via* CM/ECF)